UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

Wesco Distribution, Inc.,

    Plaintiff,

v.                                                                                 Case No. 09-13014

Hartford Fire Insurance Company,                      Honorable Sean F. Cox
Jenkins Construction, Inc., and
Piping Components, Inc.,

    Defendants/Third Party Plaintiffs,

v.

Bayview Electric Company, LLC,

    Third Party Defendant.
_____/

## OPINION & ORDER
## DENYING MOTION FOR RECONSIDERATION

This action arises out of a construction project. Following the close of discovery, Plaintiff Wesco Distribution, Inc. ("Wesco") filed a motion seeking summary judgment in its favor as to its claim under the payment bond in the amount of $118,610.79, along with the attorney fees it has incurred in this action. (Docket Entry No. 62).

In Opinion & Order issued on October 25, 2010, this Court granted Plaintiff Wesco Distribution's Motion for Summary Judgment and awarded it $60,021.00 for the attorney fees its incurred in this action. (Docket Entry No. 86). On November 4, 2010, this Court issued a Judgment in favor of Wesco.

On November 8, 2010, Defendants Hartford Fire Insurance Company ("Hartford"),

1

Jenkins Construction, Inc. ("Jenkins") and Piping Components, Inc. ("PCI") filed a "Motion for Rehearing and Reconsideration." (Docket Entry No. 88). The Court finds that oral argument would not significantly aid the decisional process. *See* Local Rule 7.1(e)(2), U.S. District Court, Eastern District of Michigan. The Court therefore orders that the motion will be decided without oral argument. For the reasons that follow, the Motion for Reconsideration shall be DENIED.

Local Rule 7.1(g)(3) provides the following standard regarding motions for reconsideration:

> Generally, and without restricting the court's discretion, the court will not grant motions for rehearing or reconsideration that merely present the same issues ruled upon by the court, either expressly or by reasonable implication. The movant must not only demonstrate a palpable defect by which the court and the parties have been misled but also show that correcting the defect will result in a different disposition of the case.

L.R. 7.1(g)(3).

In their Motion for Reconsideration, Defendants: 1) continue to advance arguments regarding retention; and 2) request a hearing on attorney fees and costs.

A motion for reconsideration, however, "is not properly used as a vehicle to re-hash old arguments or to advance positions that could have been argued earlier but were not." *Smith v. Mount Pleasant Schools,* 298 F.Supp.2d 636, 637 (E.D. Mich. 2003) (citing *Sault Ste. Marie Tribe of Chippewa Indians v. Engler*, 146 F.3d 357, 374 (6th Cir. 1998); *see also, Scottsdale Insur. Co. v. Flowers,* 513 F.3d 546, 553 (6th Cir. 2008) ("We have found issues to be waived when they are raised for the first time in motions for reconsideration."); *Hamilton v. Gansheimer*, 536 F.Supp.2d 825, 842 (N.D. Ohio 2008) ("Courts should not reconsider prior decision where the motion for reconsideration either renews arguments already considered or

proffers new arguments that could, with due diligence, have been discovered and offered during the initial consideration of the issue").

Defendants have already briefed their various positions as to retention in the numerous briefs that were filed prior to this Court's October 25, 2010 Opinion & Order. In their Motion for Reconsideration, Defendants simply re-hash arguments that have already been presented to, and rejected by, this Court.

Defendants also ask the Court to hold a hearing on attorney fees – but provide no explanation as to why this request is being made for the first time in a motion for reconsideration following entry of judgment – especially given that Defendants had the opportunity to challenge the attorney fees requested but declined to do so.

On September 8, 2010, this Court issued an order for supplemental briefing. (Docket Entry No. 76). In that Order, this Court also ordered Wesco to specify "the amount of attorney fees that Wesco seeks in this action," and attach appropriate support for any amount requested. (*Id.*). The Order further provided that Hartford and Jenkins/JCI may file a brief responding to Wesco's brief regarding attorneys fees, within seven days after the filing of that brief.

On September 15, 2010, Wesco filed a supplemental brief in compliance with this Court's Order. (Docket Entry No. 79). Wesco specified that it is seeking $65,527.62 in attorney fees and costs that it incurred in this action and provided documentation for the fees and costs requested.

Hartford and Jenkins/PCI filed two separate supplemental briefs. (Docket Entry Nos. 77 & 78). Neither brief, however, addressed Wesco's request for attorney fees or challenged the fees requested. Thus, although this Court's Order expressly provided that they could do so,

Hartford and Jenkins/PCI did not file a brief challenging Wesco's requested attorney fees. The Court therefore finds that Defendants have waived any arguments opposing the requested fees.

Moreover, even if these arguments were not waived, the Motion for Reconsideration would not warrant a hearing on attorney fees in any event. Indeed, the motion itself does not challenge the reasonableness of the hourly rate requested or any specific hours incurred. Defendants' motion simply makes a blanket assertion that the fees awarded were excessive, but does not identify any fees they believe were unnecessarily incurred or why they believe the fees were excessive. Rather, Defendants simply attach a one-page table as an exhibit, apparently listing various billing entries that they believe are excessive – without any explanation as to why or how any entry is excessive.

Accordingly, IT IS ORDERED that the Motion for Reconsideration (Docket Entry No. 88) is DENIED.

IT IS SO ORDERED.

S/Sean F. Cox
Sean F. Cox
United States District Judge

Dated: November 22, 2010

I hereby certify that a copy of the foregoing document was served upon counsel of record on November 22, 2010, by electronic and/or ordinary mail.

S/Jennifer Hernandez
Case Manager