UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

Wesco Distribution, Inc., a Delaware
Corporation,

      Plaintiff,                                          Case No. 09-13014

v.                                                  Hon.  Sean F. Cox

Jenkins Constructions, Inc, et al.,

      Defendants / Third Party Defendants,

v.

Bayview Electric Company, LLC, a Michigan
Corporation,

      Third Party Defendant.

_____/

**OPINION & ORDER
DENYING WITHOUT PREJUDICE BAYVIEW'S MOTION FOR SUMMARY
ENFORCEMENT OF SETTLEMENT AGREEMENT
AND NOTICING MANDATORY STATUS CONFERENCE**

This action – a 2009 case – is currently before this Court because Jenkins Construction, Inc. ("Jenkins") and its subcontractor, Bayview Electric Company LLC ("Bayview") have not resolved their dispute as to the timing of payment of funds that are still owed to Bayview by Jenkins.  The matter is currently before the Court on Bayview's Motion for Summary Enforcement of Settlement Agreement.  The Court finds that the issues have been adequately presented in the parties' briefs and that oral argument would not significantly aid the decisional process.  *See* Local Rule 7.1(f)(2), U.S. District Court, Eastern District of Michigan.  The Court therefore orders that the motion will be decided upon the briefs.  For the reasons set forth below,

1

the motion shall be DENIED WITHOUT PREJUDICE and the Court shall order the parties, along with their respective clients with full settment authority, to appear at the courthouse for a mandatory settlement conference.

## BACKGROUND

This action arose out of a construction project for the City of Detroit called the Bluehill/Freud Pump Station Renovations, Contract No. PC-685 ("the Project"). Jenkins Construction, Inc. ("Jenkins") was the general contractor. Jenkins contracted with Bayview Electric Company ("Bayview") to provide certain labor and materials for the Project. A copy of the Jenkins-Bayview subcontract is attached as Exhibit A to Bayview's Brief. Bayview, in turn, contracted with Wesco Distribution, Inc. ("Wesco") to provide certain materials and supplies for the Project.

This action involved several claims among the parties: 1) Wesco asserted claims against Jenkins and its surety; 2) Jenkins and its surety asserted third-party claims against Bayview, asserting that Bayview failed to pay all funds due and owing to Wesco; and 3) Bayview filed a counterclaim against Jenkins and its surety, alleging that Jenkins failed to pay Bayview in full according to the terms of the parties' contract.

Following discovery, the parties all filed motions for summary judgment.

The Court granted summary judgment in favor of Wesco as to its claims against Jenkins and all claims relating to Wesco have been resolved and a satisfaction of judgment filed.

At the summary judgment hearing, Jenkins and Bayview indicated that they had reached a settlement agreed to resolve their respective claims against each other.

The November 22, 2010 Settlement Agreement:

Thereafter, on November 22, 2010, Bayview and Jenkins entered into a confidential written settlement agreement. The November 22, 2010 settlement agreement is attached as Exhibit B to Bayview's Brief.

Among other things, it provides that, after a check was issued to Wesco by Jenkins, the balance owed to Bayview by Jenkins is $166,165.53, "which includes retention of $112,000." (11/22/10 Settlement Agreement at ¶ F).

It also provides that Jenkins would make certain payments to Bayview for additional work it had performed and for delay costs:

> 1. To compensate Bayview for its claims for interest, increased labor costs, increased equipment costs, and extended general conditions due to delays in the complement of the Project, Jenkins will pay Bayview the sum of $X,[1] without setoff, in the following installments: (a) $X on November 22, 2010; (b) $X on or before January 15, 2011; and (c) $X on or before February 15, 2012 subject to the conditions identified below. Bayview agrees that it will pay sums necessary to obtain a full unconditional waiver from its subcontractor, PCI from the first installment of $X listed above.

(*Id*. at ¶ 1). The November 22, 2010 Settlement Agreement also provides that Jenkins shall pay Bayview the "Subcontract Balance of $166,165.53" in "accordance with the terms and conditions of the Subcontract." (*Id*. at ¶ 4).

It further provides that "[i]n order to facilitate the prompt payment of Bayview's outstanding Pay Applications through DWSD and the release of retention, Jenkins shall take immediate action and use its best efforts to close out the Project and obtain final payment from

---

[1] The parties agreed the terms would be confidential and the parties blacked out these numbers in the copies of the settlement agreement they submitted to the Court. Thus, the amounts are not listed here.

DWSD." (*Id*. at ¶ 6). It further provides:

> 8. In the event of a breach or default under this Agreement, the aggrieved party may enforce its terms by reinstating the Litigation. In such an enforcement proceeding, the prevailing party shall be entitled to recover its reasonable attorney fees and costs from the non-prevailing party.

(*Id.* at ¶ 8).

Counsel for Bayview and Jenkins appeared before the Court on November 23, 2010 for the Final Pretrial Conference, at which time they indicated on the record that they had entered into a settlement agreement. An Order of Dismissal, without prejudice, was entered on that same date. (Docket Entry No. 90).

On February 28, 2011, Bayview filed a Motion to Reinstate Counterclaims (Docket Entry No. 115), asserting that Jenkins had breached the settlement agreement by failing to make payments under same. On June 27, 2011, Bayview filed an Supplement to its motion indicating that:

> 1) Although Jenkins had failed to make the payments due Bayview under Paragraph 1 of the Settlement Agreement when Bayview filed it motion on February 28, 2011, it has since made that payment;
> 2) Jenkins still owed Bayview $166,165.33 under Paragraph 4 of the Settlement Agreement;
> 3) Jenkins owes Bayview $22,606.69 under Paragraph 5 of the Settlement Agreement for extra work performed by Bayview
> 4) Paragraph 8 of the Settlement Agreement provides that reinstating litigation is the sole remedy in the event of a breach.

(Docket Entry No. 117).

On June 30, 2011, the parties came in for settlement conferences. They came back again on August 30, 2011, and September 2, 2011.

4

The September 9, 2011 Letter Agreement:

After the August 30, 2011 and September 2, 2011 conferences, Counsel for Bayview sent Counsel for Jenkins a letter summarizing the agreement the parties reached, which counsel both ultimately signed. The September 9, 2011 letter agreement, signed by counsel for the parties, states:

> This will confirm that we reached the following agreement as a result of the settlement conference held on August 30, 2011 and September 2, 2011:
>
> a)   The parties agree that there remains due under the Settlement Agreement of November 22, 2010 the sum of $133,817.18.
>
> b)   The parties anticipate that the City of Detroit will be releasing to Jenkins the sum of $100,000 from retention within the next several days.  Upon receipt of that sum, Jenkins will forthwith pay Bayview the sum of $50,000.
>
> c)   Upon receipt of payment for work performed under Pay Estimate No. 55, Jenkins will pay whatever is owed to Bayview for its portion of the work under that Pay Estimate.
>
> d)   Jenkins will pay Bayview the sum of $33,817.18 less the amount Bayview received from Pay Estimate No. 55 in two equal installments on November 15, 2011 and December 15, 2011.  For example, if Bayview receives $5,000 from Pay Estimate No. 55, Jenkins will pay Bayview $14,408.59 on November 15, 2011 and the same amount on December 15, 2011.  Upon receipt of the December 15, 20122 payment, the balance due from Jenkins to Bayview under the Settlement Agreement will be $50,000.00.
>
> e)   **The remaining $50,000 will be paid at such time as the City of Detroit releases the remaining retention of $200,000 to Jenkins.  If the retention is not released by January 2, 2012, the parties will return for Settlement Conference on January 10, 2012 for the purpose of negotiating an agreement for the payment of the remaining $50,000.**
>
> f)   The issue of Jenkins' liability to Bayview for attorney fees under the

    Settlement Agreement is reserved.

 g) Jenkins shall forthwith file a response to Bayview's motion to reinstate the case.

(Ex. C to Bayview's Br.) (Emphasis added).

On February 3, 2012, this Court issued an Order to Reopen Case (Docket Entry No. 123), which states:

> Upon motion of Robert A. Pollice, attorney for Bayview Electric Company, LLC, it is ordered as follows:
>
> A. Bayiew['s] Motion to Reopen the case is GRANTED.
>
> B. Bayview[ ] shall file a motion for summary enforcement of the parties' settlement agreement on or before February 10, 2012. The issues to be addressed in this motion are: (1) whether the remaining $50,000 in retention funds must be paid forthwith by Jenkins [ ] under the terms of the settlement agreement; and (2) whether the prevailing party is entitled to attorney fees and costs incurred in enforcing the settlement agreement.

(*Id.*).

Thereafter, Bayview filed the instant "Motion for Summary Enforcement of Settlement Agreement." (Docket Entry No. 124). Jenkins filed a brief opposing the motion (Docket Entry No. 126), and Bayview filed a Reply Brief. (Docket Entry No. 127).

The parties agree that: 1) Jenkins still owes Bayview $50,000; 2) the DWSD is still holding $200,000 in retention from Jenkins; and 3) Jenkins and Bayview entered into a settlement agreement settling their respective claims against each other. Bayview contends that Jenkins must immediately pay it the remaining $50,000 but Jenkins disagrees.

In sum, Bayview contends that the underlying subcontract is silent as to when retention is to be released to Bayview. Bayview also contends that the release of retention is not addressed

in the settlement agreement so the Court should resolve the issue by "supplying a reasonable and fair term" as to when retention is to be released to Bayview from Jenkins. (*See* Bayview's Br. at 14).

Jenkins stresses that the parties settled their respective claims when they agreed to settle this case and therefore the Court should not be looking to the terms of the underlying contract, but rather, the Court must look to the terms of the settlement agreement to determine if Jenkins has breached the terms of the settlement agreement. Jenkins directs the Court to paragraph (e) of the Letter Agreement, which provides the parties' agreement as to retention. Jenkins further contends that Bayview's work on the project is not finished or was just completed within the past two weeks or so. (*See* Jenkins's Br. at 12).

## ANALYSIS

It is well established that courts retain the inherent power to enforce agreements entered into in settlement of litigation pending before them. *Aro Corp. v. Allied Witan Co.*, 531 F.2d 1368, 1371 (6th Cir. 1976). "The power of a trial court to enter a judgment enforcing a settlement agreement has its basis in the policy favoring the settlement of disputes and the avoidance of costly and time-consuming litigation." *Kukla v. National Distillers Prodcs., Co.*, 483 F.2d 619, 621 (6th Cir. 1973). Such a judgment is in the nature of a consent judgment. *Id.*; *see also Re/Max International, Inc.*, 271 F.3d at 650 ("Once concluded, a settlement agreement is as binding, conclusive, and final as if it had been incorporated into a judgment.").

Before enforcing a settlement, a district court must conclude that agreement has been reached on all material terms. *Brock v. Scheuner Corp.*, 841 F.2d 151, 154 (6th Cir. 1988). "A settlement agreement, like any other contractual arrangement, depends upon objective, not

subjective, manifestations of intent." *Bosley v. 21 WFMJ Television, Inc.*, 245 Fed.Appx. 445 (6th Cir. 2007) (citing *Therma-Scan, Inc.*, 217 F.3d at 420). "The court must enforce the settlement as agreed to by the parties and is not permitted to alter the terms of the agreement." *Brock v. Scheuner Corp.*, 841 F.2d 151, 154 (6th Cir. 1988).

Here, the parties entered into a written settlement agreement on November 22, 2010, which they supplemented by their Letter Agreement dated September 9, 2011. The settlement agreement reached by the parties is not silent as to the return of retention. To the contrary, the parties expressly agreed as to how the issue of retention would be handled:

> e) The remaining $50,000 will be paid at such time as the City of Detroit releases the remaining retention of $200,000 to Jenkins. If the retention is not released by January 2, 2012, the parties will return for Settlement Conference on January 10, 2012 for the purpose of negotiating an agreement for the payment of the remaining $50,000.

(9/9/11 Letter Agreement at ¶ e).

It is undisputed that the City of Detroit has not yet paid the $200,000 to Jenkins. Thus, Jenkins has not breached the first sentence of the above provision.

The parties also agreed that if the City does not release the retention by January 2, 2012, the parties will "return for Settlement Conference" to negotiate an agreement for the payment of the final $50,000.

Jenkins contends that, by the express terms of the parties' settlement agreement, "they have to enter into negotiations for release of retention funds." (Jenkins's Br. at 13). Jenkins asserts that Bayview has refused to come to the table to negotiate as it agreed" and, instead, Bayview demanded $50,000.00 and then filed its motion before the Court. (*Id.* at 15). In support of that assertion, Jenkins submitted an affidavit from James Jenkins, Jr. that states,

8

"Jenkins has been willing to negotiate to resolve the matter but Bayview has refused to discuss it further." (Jenkins Affidavit at ¶ 12).[2]

Bayview claims that assertion is not true. (*See* Bayview's Reply Br. at 2). Bayview submitted an Affidavit from Pollice that states that when counsel were here on January 11, 2012, counsel for Jenkins informed him that Jenkins was not willing to pay the $50,000 until the $200,000 was paid to Jenkins by the City. He states that "Mr. McGinnis did not offer or suggest any alternative proposal for payment of the remaining $50,000." He further states:

> I spoke with James McGinnis on January 12, 2012 via telephone and told him that I would convey any offers to Bayview. He requested that I hold off preparing my motion and brief for a week or so to give him time to see what he could come up with. I agreed to that but no offers were received within the ensuing week, so I presumed that Jenkins' position had not changed since the January 11 conference. At no time did I ever tell Mr. McGinnis that Bayview refused to negotiate over the remaining $50,000.

(Pollice Affidavit).

Bayview, as the party asking the Court to summarily enforce the settlement agreement has the burden of establishing that Jenkins breached the terms of the settlement agreement. Given the terms of the parties' settlement agreement, and the affidavit submitted by Jenkins, the Court concludes that it must deny the pending motion (and the request for attorney fees) at this time. The Court cannot simply insert a reasonableness term where, as here, the settlement agreement contains an express provision that states how the issue is to be handled.

That said, the Court will not allow this case to continue to linger. Pursuant to the terms of the parties' settlement agreement, because the City did not release the retention by January 2,

---

[2]Jenkins does not state how it believes the Court or the parties should proceed if the parties are unable to negotiate a resolution on the issue; neither has Bayview.

9


2012, the parties must "return for Settlement Conference" to negotiate an agreement for the payment of the final $50,000.

**The Court hereby ORDERS counsel for the parties to appear for a Mandatory Settlement Conference beginning on May 18, 2012 at 9:30 a.m., and that the conference shall continue on successive days as necessary.  IT IS FURTHER ORDERED that a client representative with full settlement authority for each party must appear for the conference(s) in person and that the Court may impose sanctions if this provision is not met.**

**IT IS SO ORDERED.**

                                              S/Sean F. Cox
                                              Sean F. Cox
                                              United States District Judge

Dated:  April 13, 2012

I hereby certify that a copy of the foregoing document was served upon counsel of record on April 13, 2012, by electronic and/or ordinary mail.

                                              S/Jennifer Hernandez
                                              Case Manager